UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES H. HILL, | ) | |
| Petitioner, | ) | 3:11-cv-00048-ECR-VPC |
| vs. | ) | |
| | ) | ORDER |
| JACK PALMER, et al., | ) | |
| Respondents. | ) | |

The petitioner has presented the Court with a motion for appointment of counsel, a motion to extend prison copywork limit, petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* (ECF No. 1).

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The motions will be ordered filed and docketed.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d

1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Petitioner's motion shall be denied.

The motion to extend the prison copywork limit shall also granted in a limited scope, as the preliminary review of the petition required by Rule 4 of the Rules Governing 2254 Petitions indicates the petition should be dismissed as untimely.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The conviction under attack by the petitioner was filed on January 24, 2001, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For convictions that were final before the passage of the AEDPA, the one year limitation period began to run on April 24, 1996 and expired one year later.

The petition informs that the Judgment of Conviction which is the subject of the petition was entered on June 19, 1985. Petition, Item 2. The petition further asserts that the "appeal of the conviction" was decided on April 24, 2009. Petition, Item 3. However, this information is clarified by the order of the Nevada Supreme Court attached to the petition. That order indicates that the appeal referenced by petitioner was not a direct appeal of the conviction itself, but rather, an appeal of the denial of a motion to correct an illegal sentence and an appeal from the denial of an untimely petition for post-conviction relief.

There is nothing to indicate that petitioner had any properly filed application for State post-conviction or other collateral review pending at that time. However, before the Court dismisses the petition as untimely, the parties shall be given an opportunity to present arguments in support of their positions related to the timeliness of the petition. *Herbst v. Cook*, 260 F.3d 1039, 1041-42 (9th Cir.2001)(indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF. No. 1) is **GRANTED**. Petitioner shall not be required to pay a filing fee to file his habeas corpus petition.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel shall be **filed and docketed** by the Clerk and is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the motion to extend prison copywork limit shall be **filed and docketed** by the Clerk and is **granted** only to the extent that petitioner require copies in order to properly response to this Order and serve respondents with that response.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY SERVE** the petition (docket #1) upon the respondents.

**IT IS FURTHER ORDERED** that petitioner shall have thirty days to show cause why his petition should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that respondents shall have **twenty days to file a Notice of Appearance in the matter and shall have forty-five (45)** days from entry of this order within which to respond to petitioner's arguments as ordered herein.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

Dated this 27th day of January, 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE