UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES H. HILL, | ) | |
| Petitioner, | ) | 3:11-cv-00048-ECR-VPC |
| vs. | ) | |
| | ) | ORDER |
| JACK PALMER, et al., | ) | |
| Respondents. | ) | |

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by Charles H. Hill an inmate at Northern Nevada Correctional Center. Petitioner moves the Court for appointment of counsel (ECF No. 17) and makes additional requests related to the Court previous orders (ECF No. 16 - Request that Petitioner's Motions be Construed Liberally and ECF No. 18 - Request for Contemp and Extension of Copywork).

Petitioner was directed to file a response to the Court's order addressing the initial review which indicated that petition may be untimely. From that response (ECF No. 11) it appears that the appointment of counsel would be of great assistance to petitioner and to the Court. Petitioner apparently has a history of extreme mental illness and faces imprisonment for life without the possibility of parole.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

Petitioner and his counsel should pay very close attention to the effect of the one-year statute of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part of the Antiterrorism and Effective Death Penalty Act (AEDPA)). In addition, petitioner and his counsel should be aware of the holdings in Duncan v. Walker, 533 U.S. 167 (2001), and Fail v. Hubbard, 315 F.3d 1059 (9th Cir. 2002). The practical effect of Duncan and Fail is that the one-year limitations period applicable to all federal habeas corpus petitions will generally not be tolled during the pendency of a federal habeas corpus petition. This means that any subsequent habeas corpus petition filed in this Court -- for example, a petition filed after returning to state court to exhaust any unexhausted claims -- may be untimely under the applicable statute of limitations, and the time during which this habeas corpus case is pending will not toll or otherwise excuse compliance with that statute.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (ECF No. 17) is **GRANTED.**  The Federal Public Defender is appointed to represent Petitioner.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this Order, together with a copy of the petition for writ of habeas corpus and its attachments (docket #2). The FPD shall have thirty (30) days from the date of entry of this Order to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that the Clerk shall **RESUBMIT** this case to the Court after the FPD has appeared as counsel for petitioner, after the FPD has indicated its inability to represent

1  petitioner, or after thirty (30) days from the entry of this Order, whichever occurs first.

2       **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case,

3  the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of

4  a First Amended Petition and a response to the Court's Order to Show Cause issued January 27, 2011

5       **IT IS FURTHER ORDERED** that all other pending motions are **denied.**

6       **IT IS FURTHER ORDERED** that respondents need not respond to any pending motion

7  or other matters until further order of the Court.

9       Dated this 17th day of February, 2011.

11                                 UNITED STATES DISTRICT JUDGE