UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES H. HILL, | ) | |
| Petitioner, | ) | 3:11-cv-00048-ECR-VPC |
| vs. | ) | |
| | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding with counsel. On January 27, 2011, while petitioner was proceeding *pro se*, the court ordered petitioner to show cause why his petition should not be dismissed as untimely. (ECF No. 7.) After reviewing petitioner's response, and in light of petitioner's history of mental illness, the court appointed the Federal Public Defender for the District of Nevada (FPD) to represent petitioner. (ECF No. 20.) Subsequently, through counsel, petitioner filed a motion to voluntarily dismiss his petition based on the probabilities of overcoming the procedural and timeliness problems in this case. (ECF No. 30.) Since that filing, petitioner has filed several documents in *pro se* stating that he does not wish to dismiss his petition, requesting that the court appoint counsel other than the FPD to represent him, requesting leave to return to state court, requesting an evidentiary hearing, and requesting the

1  production of documents.  (ECF Nos. 31, 32, 33, 38.)

2       First, to the extent petitioner argues that the FPD's advice and decision to seek voluntary
3  dismissal of the petition was improper, it does not appear to the court that counsel's actions were
4  inappropriate.  However, in light of petitioner's desire to proceed in this case, despite counsel's advice
5  to the contrary, the court relieves the FPD from representing petitioner in this matter.  The court denies
6  petitioner's motion for alternate counsel but will allow petitioner an opportunity to present argument
7  in *pro se* concerning the timeliness of his petition.

8       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996
9  ("AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed
10 after the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484,
11 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on
12 January 19, 2011, and thus, it is subject to the provisions of the AEDPA.

13      The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal
14 petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d)
15 reads:

16      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the
17 judgment of a State court.  The limitation period shall run from the latest of –

18

19      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

20

21      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was
22 prevented from filing by such State action;

23      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly
24 recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

25

26      (D) the date on which the factual predicate of the

-2-

> claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For convictions that were final before the passage of the AEDPA, the one-year limitation period began to run on April 24, 1996, and expired one year later. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). With respect to the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(2), the AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)*; see Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

1    The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*))(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

    The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

    In this case, petitioner's judgment of conviction issued on June 19, 1985. Because his judgment of conviction became final before the passage of the AEDPA, the one-year statute of limitations began to run on April 24, 1996, and expired one year later. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not dispatch his federal petition until January 19, 2011. Thus, the one-year statute of limitations expired on April 24, 1997, unless it was otherwise tolled. Petitioner should focus his response to the court's order to show cause on equitable tolling arising from his mental illness or other circumstances. Because the statute of limitations began to run on April 24,

1996, petitioner should detail to the best of his ability all time periods between April 24, 1996, and January 19, 2011, during which his mental illness or other circumstances impaired his ability to file his federal petition for writ of habeas corpus. All assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the record in this court.

Second, with respect to petitioner's motion for leave to return to state court, the court denies the motion without prejudice. The court construes this motion as a motion for stay. Before addressing any further issues in this case, the court will determine whether the petition is timely filed and whether this action should proceed. If this action does proceed, petitioner may renew his motion for stay.

Third, petitioner requests a copy of the docket sheet in this case and the court's order of January 27, 2011. (ECF No. 38.) The court grants this motion and orders the clerk to provide petitioner with these documents.

Last, petitioner moves for an evidentiary hearing. (ECF No. 33.) The court will rule on this motion after reviewing the parties' papers with respect to the timeliness of the petition.

**IT IS THEREFORE ORDERED** that the Federal Public Defender for the District of Nevada is **RELIEVED** as counsel of record for petitioner. Petitioner shall proceed in *pro se*.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of alternate counsel (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to voluntarily dismiss his petition (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to return to state court (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for documents (ECF No. 38) is

1 | **GRANTED**. The clerk **SHALL** send petitioner one copy of the docket sheet for this case and one copy
2 | of the court's order of January 27, 2011.
3 |     **IT IS FURTHER ORDERED** that petitioner **SHALL FILE** his response to the court's order
4 | to show cause why the petition should not be dismissed as untimely within **forty-five (45) days** from
5 | the date of entry of this order.
6 |     **IT IS FURTHER ORDERED** that respondents **SHALL FILE** their reply to petitioner's
7 | response within **forty five (45) days** from the date of service of petitioner's response.
8 |
9 |     Dated this 4th day of January, 2012.
10 |
11 |                            */s/ Edward C. Reed*
                            UNITED STATES DISTRICT JUDGE