1
2
3
4
5
6                     **UNITED STATES DISTRICT COURT**
7                          **DISTRICT OF NEVADA**
8

CHARLES H. HILL,

9        *Petitioner*,                   3:11-cv-00048-LRH-VPC

10

vs.

11

12 JACK PALMER, *et al.*,              ORDER

13        *Respondents*.

14

15        This represented habeas matter comes before the Court on petitioner's motion (#61) for an

16 extension of time to respond to the Court's show-cause order directed to the untimeliness of the federal

17 petition.

18        The Court will grant the requested extension to respond to the show-cause order, subject to the

19 caveats below.

20        *First*, the additional state court record materials referenced in the extension motion do not

21 appear to necessarily bear directly on the likely issues on the timeliness inquiry.

22        The record reflects that petitioner Charles Hill was convicted, pursuant to a guilty plea, of first

23 degree murder on June 19, 1985, and petitioner did not file a direct appeal. Absent tolling or delayed

24 accrual, the federal one-year limitation began running after the AEDPA became effective on April 24,

25 1996. Accordingly, absent a timely state collateral challenge having been pending within the following

26 year or some basis for equitable tolling or delayed accrual having existed within that year, the federal

27 limitation period expired on April 24, 1997. Absent such tolling or delayed accrual, the action therefore

28 became untimely more than thirteen years before the constructive filing of the federal petition.

1    To the extent that petitioner relies on an alleged mental health condition as a basis for equitable
2    tolling, he must show that the mental health condition stood in the way of and prevented a timely filing
3    within that one year period from April 24, 1996, through April 24, 1997, and substantially continuously
4    thereafter for the following thirteen plus years.  In this regard, he must make the particularized showing
5    outlined in *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010).

6    State court records from time periods a decade or more before and a decade or more after the
7    key period in question, perhaps, may shed some indirect light on petitioner's mental health condition
8    during and after the key period.  However, it would appear that the resolution of a claim of equitable
9    tolling based on an alleged mental health condition instead would turn more directly upon competent
10   medical evidence directed to petitioner's mental health status in and after the key period.

11   In this regard, petitioner must present competent evidence of specific facts supporting the claim
12   of equitable tolling with the show-cause response.  While the Court potentially may hold an evidentiary
13   hearing to resolve factual issues raised by the show-cause response, the response must present in the
14   first instance competent evidence of specific facts that would establish a viable basis for equitable
15   tolling.  In other words, argument in the show-cause response based upon an alleged mental health
16   condition that is made without specific supporting medical evidence submitted with the response will
17   not avoid dismissal of the petition for untimeliness.

18   State court records also will have only tangential relevance if petitioner seeks to avoid the
19   federal time bar based upon a claim of actual innocence.  In this regard, petitioner will need to present
20   new and reliable evidence – as to a conviction entered on a guilty plea – that shows that it is more likely
21   than not that no reasonable juror would have convicted him in the light of the new evidence.  *See, e.g.,*
22   *Lee v. Lampert*, 653 F.3d 929, 937-39 (9th Cir. 2011)(*en banc*).[1]

23   Any such alleged evidence of actual innocence, similarly, must be presented via competent
24   evidence of specific facts submitted with the show-cause response.  The Court will not schedule an
25   evidentiary hearing or decline to enter a dismissal for untimeliness based upon unsupported argument.

26

27   [1] The United States Supreme Court recently granted a petition for a writ of *certiorari* raising the question of
whether the one-year time bar may be avoided on a showing of actual innocence.  *See McQuiggen v. Perkins*, ___ S.Ct.
28   ___, 2012 WL 3061886 (Oct. 29, 2012).

1   The Court emphasizes these points in order to put petitioner's counsel on notice that it will look

2   with disfavor on any following motion for an extension of time based upon a need to pursue a more

3   pointed and particularized factual inquiry along these lines after counsel has reviewed what in truth

4   likely are tangential state court record materials.   The operative factual inquiries and the materials

5   relevant to those inquiries are and have been clear in this case.   By the end of the extension allowed by

6   this order, counsel will have had six months to investigate the issues and prepare a show-cause

7   response, which should be an adequate interval.

8   *Second*, the Court will not grant petitioner what in effect would be a surreply to respondents'

9   reply to his response to the show-cause order.   In this context, petitioner's response to the show-cause

10   order is analogous to an opposition to a motion to dismiss.   Petitioner must present all argument, and

11   submit all supporting evidence, with the response to the show-cause order.

12   IT THEREFORE IS ORDERED that petitioner's motion (#61) for an extension of time is

13   GRANTED to the extent, and only to the extent, that petitioner shall have until **February 26, 2013**, to

14   respond to the prior order and show cause why the petition should not be dismissed as untimely.   All

15   assertions of fact made by petitioner in response to the show cause order must be detailed, must be

16   specific as to time and place, and must be supported by competent evidence.   The Court will not

17   consider any assertions of fact that are not specific as to time and place, that are not made pursuant to

18   an affidavit or declaration under penalty of perjury based upon personal knowledge, and/or that are not

19   supported by competent evidence filed by petitioner in the federal record.

20   IT FURTHER IS ORDERED that respondents shall have **thirty (30) days** from service of the

21   show-cause response to file a reply to the response.   No further filings will be considered on the show-

22   cause inquiry without leave of court first obtained.

23   IT FURTHER IS ORDERED, following upon recent staffing changes, that, for any exhibits filed

24   after the date of this order, **the hard copy of the exhibits shall be forwarded to the staff attorneys**

25   **in Las Vegas rather than Reno**.

26   DATED this 29th day of November, 2012.

27

28   _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE

-3-