UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES H. HILL,<br><br>            Petitioner,<br>v.<br><br>JACK PALMER, et al.,<br><br>            Respondents. | Case No. 3:11-cv-00048-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on the represented petitioner's proper person motion for appointment of substitute counsel (dkt. no. 92), motion to expedite (dkt. no. 91), and motion to extend his prison copy credit limit (dkt. no. 93).

The Court has assigned reasons denying petitioner's recent proper person motion to withdraw appointed counsel.  (See dkt. no. 90.) Petitioner does not have a right to appointed counsel of his choice, and appointed counsel is not required to follow every directive by the petitioner. Petitioner has not demonstrated any valid basis for withdrawal of appointed counsel.

In the motion to expedite, petitioner maintains that appointed federal habeas counsel has rendered ineffective assistance of counsel because counsel did not present all of the arguments that petitioner wished for him to raise in his show-cause response. The omitted arguments that petitioner outlines in his proper person motion beg the question at issue and/or are frivolous. The show-cause order directed petitioner to show cause why the federal petition should not be dismissed as untimely.  The arguments

outlined in the motion: (a) go to the merits, which is not at issue at present; (b) go to the availability of a stay to exhaust unexhausted claims, which also is not at issue at present; and/or (c) rely on state and federal authorities regarding procedures other than a federal petition for a writ of habeas corpus challenging a state court conviction. No competent counsel would raise the arguments that petitioner is seeking to have raised in response to the show-cause order. Thus, if the Court appointed competent substitute counsel, petitioner would have the same issue with substitute counsel. The Court will not engage in the futility of serially replacing competent appointed counsel merely because petitioner wishes to pursue completely meritless arguments.

The motions to expedite and for appointment of substitute counsel therefore will be denied.

The motion to raise petitioner's prison copy credit limit also will be denied. Even if the motion otherwise were properly supported, which it is not, petitioner has no need to make legal copies for this action. He is represented by counsel.

It is therefore ordered that petitioner's proper person motions (dkt. nos. 91-93) to expedite, for appointment of substitute counsel, and to raise his copy credit limit are denied.

The Clerk of Court shall send a photocopy of both this order and dkt. no. 90 to the petitioner in proper person at the Northern Nevada Correctional Center address shown on the docket sheet and shall reflect that transmittal in the docket entry for this order.

DATED THIS 25th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE